

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**
**Jun 26, 2026**
**11:30 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

| | |
|---|---|
| Bonnie Hendry | Docket No.  2023-04-3856 |
| v. | State File No.  860247-2023 |
| 111 Travel Center, LLC, et al. | |

Appeal from the Court of Workers'
Compensation Claims
Robert V. Durham, Judge

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer asserts the trial court erred in declining to exclude a Standard Form Medical Report presented by the employee from evidence at an upcoming trial. The employer asserted that certain information contained in the Standard Form Medical Report contradicted prior testimony from that expert's deposition and, thus, the "cancellation rule" supported its exclusion as evidence. The employer has appealed the trial court's order declining to exclude the document as evidence. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Nicholas A. Lastra and Lily-Ana Fairweather, Brentwood, Tennessee, for the employer-appellant, 111 Travel Center, LLC

Bonnie Hendry, employee-appellee, pro se

### Memorandum Opinion[1]

This interlocutory appeal involves an evidentiary dispute. We review a trial court's determinations regarding the admissibility or exclusion of evidence under an abuse-of-discretion standard of review. *See, e.g.*, *Allen v. MJ Resurrection, Inc.*, No. 2024-80-6984, 2025 TN Wrk. Comp. App. Bd. LEXIS 17, at *8 (Tenn. Workers' Comp. App. Bd. May 7, 2025) ("A trial court's evidentiary rulings are reviewed for an abuse of discretion."). As

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

we have noted previously, an abuse of discretion occurs if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Graves v. Southall Adventures, LLC*, No. 2024-50-5540, 2026 TN Wrk. Comp. App. Bd. LEXIS 24, at *17-18 (Tenn. Workers' Comp. App. Bd. Apr. 23, 2026) (quoting *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008)).

In the present case, Employee deposed a medical expert, Dr. Christopher Jones, on February 25, 2025.[2] During that deposition, Dr. Jones acknowledged during his cross-examination that his treatment of Employee was "limited solely to her complaints involving her hip and pelvic regions." However, Dr. Jones clarified that "in my line of work . . . there's often a lot of overlap with lumbar spine disease." When asked whether he could state with medical certainty what caused the labral tear in her hip, Dr. Jones replied, "I can't." When asked if he could state with medical certainty what caused the "small full thickness tear involving the distal gluteus minimus posteriorly," Dr. Jones replied that it could "be from an acute injury . . . . It could be from repetitive strain." He then clarified, "It's difficult to say."

Almost one year later, on February 23, 2026, Employee filed a notice of intent to use a Standard Form Medical Report ("Form C-32") completed by Dr. Jones at trial pursuant to Tennessee Code Annotated section 50-6-235. That section provides that such a report "shall be admissible at any stage of a workers' compensation claim in lieu of a deposition . . . if notice of intent to use the sworn statement is provided to the opposing party or counsel not less than twenty (20) days before the date of intended use." Tenn. Code Ann. § 50-6-235(c)(2) (2025). However, the statute also provides that "[a]ll parties have the right to take the physician's deposition on cross examination concerning the contents of the medical report." Tenn. Code Ann. § 50-6-235(c)(1) (2025). To do so, the opposing party must file an objection to the use of the Form C-32 "within ten (10) days of the receipt of the notice," and must "depose the physician within a reasonable period of time or the objection shall be deemed to be waived." Tenn. Code Ann. § 50-6-235(c)(2).

Here, instead of filing an objection to the use of the Form C-32 as mandated by section 235(c)(2), Employer filed a "Motion in Limine to Strike the Form C-32 . . . or, In the Alternative, a Motion for a Continuance." In support of its motion, Employer quoted extensively from Dr. Jones's deposition and asserted that the quoted passages directly contradicted statements he made in his Form C-32. It then argued that the "cancellation rule" justified excluding Dr. Jones's Form C-32 from evidence at the upcoming compensation hearing. The trial court denied Employer's motion to exclude, and Employer has appealed.

---

[2] At the time of that deposition, Employee was represented by counsel. Employee's counsel subsequently withdrew his representation, and Employee has proceeded in a self-represented capacity since that time.

The "cancellation rule" is a judicially-created doctrine that allows a trial court to exclude evidence from a witness that directly contradicts prior statements of that same witness. As explained by the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel:

> Tennessee follows the rule that contradictory statements by the same witness regarding a single fact cancel each other out. The Tennessee Supreme Court has characterized mutually contradictory statements by the same witness as "no evidence" of the fact sought to be proved. When the testimony of a witness is susceptible of multiple interpretations, one of which would produce no inconsistency, we are reluctant to apply the cancellation rule.

> For the cancellation rule to apply, a witness must give conflicting or contradictory statements on material issues that are susceptible to only one interpretation.

*Grooms v. City of Trenton*, No. W2012-01872-WC-R3-WC, 2013 Tenn. LEXIS 728, at *10 (Tenn. Workers' Comp. Panel Sep. 12, 2013) (internal citations and some quotation marks omitted).

Here, there are several reasons why the trial court concluded the cancellation rule was not applicable under the circumstances of this case. First, for the cancellation rule to apply, the alleged inconsistencies must be "unexplained," or those statements must not be capable of corroboration "by other evidence." *Helderman v. Smolin*, 179 S.W.3d 493, 501 (Tenn. Ct. App. 2005) (quoting *Taylor v. Nash. Banner Publ'g Co.*, 573 S.W.2d 476, 483 (Tenn. 1978)). As noted by the trial court, it is impossible to know in the present case what other evidence might be introduced by either side because the trial has not yet occurred. Employee has not yet testified. The trial court has had no opportunity to assess the credibility of any witnesses or the impact of such testimony in light of Dr. Jones's statements in both his deposition and the Form C-32.

Second, at an interlocutory stage of the case, the alleged inconsistency must represent an "unequivocal and irreconcilable conflict." *Id.* at 507. We agree with the trial court that Employer has not met the burden of showing that Dr. Jones's various statements are "irreconcilable" or that the alleged inconsistencies are "unequivocal" at this stage of the litigation.

Third, there is a statutorily mandated procedure for objecting to a Form C-32, which Employer has declined to follow in the present case. Employee's "Notice of Intent to Use Form C-32 in Lieu of Physician Deposition" was filed February 23, 2026, but Employer's motion to strike was not filed until April 1, well beyond the ten-day time period within which an objection to the use of a Form C-32 must be filed. Tenn. Code Ann. § 50-6-235(c)(2).

In short, we cannot conclude the trial court abused its discretion in declining to strike Dr. Jones's Form C-32 prior to trial. We further conclude that the alleged inconsistencies between Dr. Jones's deposition testimony and any statements in the Form C-32 go to the weight, not the admissibility, of this evidence. *See, e.g.*, *Wilson v. Jennings*, No. E2012-01966-WC-R3-WC, 2013 Tenn. LEXIS 766, at *12 (Tenn. Workers' Comp. Panel Sep. 19, 2013).

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.